[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16969
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00272-KD-B

SEARS, ROEBUCK AND CO.,

Plaintiff - Appellant,

versus

HARDIN CONSTRUCTION GROUP, INC.,
HARDIN CONSTRUCTION COMPANY, LLC,
DPR CONSTRUCTION,
a General Partnership,
DPR CONSTRUCTION, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 6, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Sears, Roebuck and Co. appeals the district court's Rule 12(b)(6) dismissal of its breach-of-contract claim against Hardin Construction and Hardin's successors in interest. Sears alleged in its complaint that in 1996 it contracted Hardin to install elevators and escalators in a Sears store in Alabama; that a fatal accident occurred on an escalator at that store in 2014; and that Hardin, under the terms of the 1996 contract, is required to defend and indemnify Sears but Hardin has refused to do so. The district court dismissed Sears's breach-of-contract claim as barred by Alabama's seven-year statute of repose for construction contracts. *See* Ala. Code § 6-5-221. On appeal, Sears argues that the district court erred because (1) the indemnity provision in the 1996 contract triggers the exception to the statute of repose found in Ala. Code § 6-5-227 and (2) the provision completely waives the statute of repose.

After careful consideration of the record and the parties' briefs, we affirm substantially for the reasons set forth in the district court's order. Sears's arguments turn on whether the indemnity provision includes language that either extends indemnity beyond the statute of repose or waives the statute of repose. And a plain reading of the provision reveals that it includes no such language. *See Sears, Roebuck and Co. v. Hardin Constr. Grp., Inc.*, No. 16-00272, slip op. at 9–10 (S.D. Ala. Oct. 27, 2016).

**AFFIRMED.**

2